IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Revocable Living Trust of Stewart I.
Mandel, Morris Mandel, Trustee,

                        Plaintiff,                    Case No. 3:14 CV 2245

      v.

                                              MEMORANDUM OPINION AND
ORDER

Lake Erie Utilities Company, et al.,

                        Defendants.

## INTRODUCTION

      Before me is Plaintiff's motion for judgment on the pleadings or in the alternative, to strike Defendants' answer.  (Doc. No. 27).  Defendants filed an opposition (Doc. No. 32) and Plaintiff replied (Doc. No. 35).  For the reasons that follow, Plaintiff's motion for judgment on the pleadings and alternative motion to strike are denied, and Defendants are permitted leave to amend their answer to cure the deficiencies described herein and provide a more definite statement.

## BACKGROUND

      Given the nature of the pending motions, I will not set forth the facts in detail.  Of import for present purposes is that Defendants answered Plaintiff's first amended complaint, and provided only one of two responses to each allegation in which they either:  1) deny the allegations of a particular paragraph "in the manner and form alleged;"[1] or  2) "neither admit nor deny the allegations," leaving the Plaintiff "to his strict proofs thereof."[2]  Defendants also pleaded the following affirmative defenses:

---

[1] (Doc. No. 21 at ¶¶  13-26, 28, 30, 32-34, 36, 40-43, 49-53, 56-60, 63-67).
[2] (Doc. No. 21 at ¶¶ 1-12, 27, 29, 31, 35, 38, 39, 44-48, 55, 62).

1. Defendants aver and state that this action was not commenced within the applicable statute of limitations.

2. That all or portions of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

3. Plaintiff's Complaint is barred by a failure of conditions precedent and/or of conditions subsequent.

4. Plaintiff claims with respect to these answering Defendants are barred for failure to comply with the contract terms.

5. Plaintiff has no right to a jury trial for equitable relief.

6. Plaintiff's claims of fraud and all of the claimed RICO violations are not set forth with particularity.

7. The Plaintiff has failed to mitigate its damages and/or are the result of avoidable consequences.

8. Defendants had a good faith basis and belief in their actions.

9. Plaintiff ratified the contract in dispute and ratified the Defendants' actions previously.

10. Defendants have immunity for their actions.

11. There is a prior pending action.

12. An award for punitive damages and/or attorney fees are not permissible.

13. Plaintiff elected to seek its remedy in another suit, brought in a State Court of Ohio.

14. Defendants reserve the right to add to their answer and to rely on all affirmative defenses as may be hereafter disclosed by way of discovery.

(Doc. No. 21).

Plaintiff first argues Rule 8(b) of the Federal Rules of Civil Procedure "does not permit Defendants the luxury of refusing to admit or deny a particular allegation," and that "a response of this nature [should] be legally construed as an admission."  (Doc. No. 28 at 1-2).  Second, Plaintiff argues denying the allegations of a particular paragraph "in the manner and form alleged" violates Rules 8(b)(2) and (4), which provide that "[a] denial must fairly respond to the substance of the

allegation." (Doc. No. 28 at 2). Because of these alleged violations, Plaintiff requests that I deem the allegations in the complaint admitted and enter judgment on the pleadings pursuant to Rule 12(c). In the alternative, and for the same reasons, Plaintiff requests these answers be stricken pursuant to Rule 12(f). Finally, Plaintiff argues the heightened pleading standard enunciated in *Iqbal* and *Twombly* applies to affirmative defenses and as a result, Defendants' "laundry lists" of "conclusory" affirmative defenses must be stricken. (Doc. No. 28 at 11-12).

Defendants respond that their answers and affirmative defenses "are more than sufficient to meet the federal notice pleading standards that require parties to plead claims and defenses in a simple, concise, and direct manner." (Doc. No. 32 at 3).

## STANDARDS

Motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Procedure are analyzed using the same standard employed for a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Wignet*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

Pursuant to Rule 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if "as a matter of law, the defense cannot succeed under any circumstances." *Swift v. City of Detroit*, No. 10-12911, 2012 WL 32683, *2 (E.D. Mich. Jan. 6, 2012) (quotation and citations omitted). But "the action of

striking a pleading should be sparingly used by the courts," because "[i]t is a drastic remedy" and only to be used when "the pleading to be stricken has no possible relation to the controversy." *Felts v. Cleveland Hous. Auth.*, 821 F.Supp.2d 968, 981 (E.D. Tenn. 2011) (quoting *Brown & Williamson Tobacco Corp.*, v. U.S., 201 F.2d 819, 822 (6th Cir. 1953)).

Rule 8 establishes the rules of pleading, including the form it should take and a party's responsibilities in answering a claim asserted against it.  Fed. R. Civ. P. 8(b) and (d); *Felts*, 821 F.Supp.2d at 980 (quotations omitted).  First and foremost, allegations in any pleading "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  With respect to responses, a party is required to do two things:  1) "state in short and plain terms its defenses to each claim asserted against it," and 2) "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(A) and (B).  Rule 8 provides for only three possible responses to allegations in a civil complaint:  1) admit the allegation; 2) deny the allegation; or 3) state that there is insufficient knowledge or information to form a belief about the truth of the allegation.   Fed. R. Civ. P. 8(b)(1)-(5).  In the event of a denial, a party must "fairly respond to the substance of the allegation."  Fed. R. Civ. P. 8(b)(2).

"The corollary to Rule 8 is the liberal amendment policies embodied in [] Rule 15."  *U.S. v. Vehicle 2007 Mack 600 Dump Truck, et al.*, 680 F.Supp.2d 816, 826 (E.D. Mich. 2010).  Pertinent here, Rule 15 allows a party to amend with the opposing party's written consent or the court's leave, which the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(2).  Granting or denying leave to amend is within the trial court's discretion.  *Foman v. Davis*, 371 U.S. 178 (1962).

## ANALYSIS

**Responses/Denials**

Defendants' answers do not flatly deny or admit the allegations in Plaintiff's amended complaint, nor do they indicate insufficient knowledge to form a belief.  Instead, Defendants

4

"neither admit nor deny" and demand that Plaintiff prove their case, or Defendants deny the allegations of a particular paragraph "in the manner and form alleged."  (Doc. No. 21).

As to the former, Defendants fail to present an answer in any of the three approved forms required by Rule 8.  Moreover, "answers that neither admit nor deny but simply demand proof of the plaintiff's allegations … are insufficient to constitute denial."  *U.S. v. Vehicle 2007*, 680 F.Supp.2d at 826 (citing cases therein).  As to the latter, Defendants' denial of an allegation as to "the manner and form alleged" violates Rule 8(b)(2)'s requirement that a denial fairly respond to the substance of the allegation.  A defendant who cannot in good faith deny an allegation in its entirety must parse the allegation and "admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4).  Thus, Defendants' duet of responses fails to meet the pleading requirements of Rule 8(b), and is not helpful in framing the issues.

The parties are familiar with one another due to prior litigation, and therefore should have some basis of knowledge as to certain facts.  Even more, it strains credibility to suggest that Defendants were not in a position to address the factual background of certain matters, such as the state of incorporation of Defendants Lake Erie Utilities Co. and Burgundy Bay Association, the location of their respective offices and places of business, the names of their respective trustees and officers, the location of Burgundy Bay subdivision, its purpose and function, and the existence of recorded deeds restrictions.

Consequences of deficient pleading include striking or deeming certain answers admitted.  But in light of Rule 15 and cautionary directives regarding striking pleadings, I will afford Defendants an opportunity to properly answer the amended complaint.  Defendants must admit, deny, or state that they lack sufficient knowledge or information to form a belief about the truth of an allegation.  If Defendants deny an allegation, the "denial must fairly respond to the substance of the allegation" as required by the federal rules.  Fed. R. Civ. P. 8(b)(2).

**Affirmative Defenses**

Defendants' fourteen affirmative defenses are outlined above.  Plaintiff claims that reciting affirmative defenses in a conclusory fashion, without any supporting facts, is no longer customary in light of the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To be clear, the *Iqbal* and *Twombly* decisions enunciated a heightened pleading standard for complaints but did not directly address whether this standard applied to affirmative defenses.  *Id.*  The Circuit Courts of Appeals have not resolved the issue, but Plaintiff claims we should apply the heightened standard because a majority of district courts have answered in the affirmative.  Defendants insinuate the *Iqbal* and *Twombly* decisions do not apply to affirmative defenses by arguing they have provided fair notice.

Plaintiff correctly noted district courts within the Sixth Circuit are split as to whether the *Iqbal* and *Twombly* heightened pleading standard applies to affirmative defenses. *See Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at * 2 (W.D. Ky. Nov. 14, 2011) (explaining cases on both sides of the debate).  Some courts have opted to apply the heightened standard, and point to high discovery costs and the similarities between the requirement in subsection (a) of a "short plain statement" and the requirement in subsection (b) of a statement in "short and plain terms." *See HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687, 691 (N.D. Ohio 2010).  Other courts have declined to apply the standard, basing their decisions on temporal constraints in preparing an answer, and the differences between subsection (c) requiring a party to "affirmatively state" an affirmative defense and the subsection (a)(2) requirement that a pleader "show" entitlement to relief. *Paducah*, 2011 WL 5525938 at * 2 (citing cases within).  I have been presented with this issue before and sided with the latter. *Jam Tire, Inc. v. Harbin*, No. 3:14-CV-00489, 2014 WL 4388286 (N.D. Ohio Sept. 5, 2014).  For those reasons and more, my position on this issue remains the same.

In *Montgomery v. Wyeth*, a post-*Iqbal* and *Twombly* decision, the Sixth Circuit held the defense of repose, a defense pled under Fed. R. Civ. P. 8(b)(1), did not require a heightened pleading standard.  580 F.3d 455, 468 (6th Cir.  2009).  The Sixth Circuit found the pleading was sufficient under Rule 8(b)(1) even though it only alleged that "Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations and repose."  *Id.*  This decision comports with the Sixth Circuit's fair notice standard in determining whether a defendant has sufficiently pled an affirmative defense.  *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).  To that end, an affirmative defense is sufficient so long as the defense gives "fair notice of the nature of the defense."  *Id.*

Given my prior ruling, the Sixth Circuit's fair notice standard for pleading affirmative defenses and its ruling in *Montgomery*, and the absence of any appellate precedent, I again decline to adopt the heightened pleading standard of *Iqbal* and *Twombly* to affirmative defenses.  Thus, I will follow the Sixth Circuit's fair notice standard to determine whether Defendants have sufficiently pled their affirmative defenses.  *Lawrence,* 182 F. App'x at 456.  An affirmative defense shall only be stricken "if it would serve the purposes of justice and if the defense is insufficient as a matter of law."  *Chiacone v. City of Akron*, No. 5:11-CV-337, 2011 WL 4436587, at *4 (N.D. Ohio Sept. 23, 2011).

I find the affirmative defenses here meet the fair notice standard.  Although the defenses are brief, they appear to sufficiently "give [P]laintiff fair notice of the nature of the defense[s]."  *Lawrence*, 182 F. App'x at 456.  Without the benefit of briefing, and given Plaintiff's wholesale reliance on the application of a heightened pleading standard, it is unclear whether Plaintiff would request to strike these defenses under the fair notice standard.  Accordingly, I decline to strike defenses 3, 4, 5, 6, 7, 8, 9, 10, and 12 for those reasons.  I also decline to strike the remaining defenses for more specific reasons articulated below.

I decline to strike defenses 1, 11, and 13, as the defenses are explicitly enumerated in Rule 8(c) (statute of limitations, res judicata).  Moreover, I decline to strike defense 2 as the federal rules do not prohibit raising "failure to state a claim" as an affirmative defense.  *See* Rule 12(h)(2)(A) (permits a party to raise "failure to state a claim" in "any pleading allowed or ordered under Rule 7(a)," which includes an answer); *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-cv-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011).  Finally, because courts have declined to strike a reservation of right to assert additional defenses at the conclusion of discovery, I will not strike defense 14.  *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings and its alternative motion to strike are denied.  (Doc. No. 27).  Defendants are required to amend their answer within 21 days of this order to cure the deficiencies described herein and provide a more definite statement.

So Ordered.

    s/ *Jeffrey J. Helmick*
United States District Judge